JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

K. TERRELL HUTCHINS

## DEFENDANTS

MOUNTAIN RUN SOLUTIONS
EXPERIAN INFORMATION SOLUTIONS

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   UTAH COUNTY, UT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Andrew M. Milz, Esquire
Flitter Milz, PC

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1681

Brief description of cause:
Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
November 20, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/Andrew M. Milz

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

K. TERRELL HUTCHINS
7324 Boreal Place
Philadelphia, PA 19153

                        Plaintiff,
            vs.
                                                    CIVIL ACTION

MOUNTAIN RUN SOLUTIONS, LLC.
313 E. 1200 S. Suite 102                            NO.
Orem, UT 84058

 and

EXPERIAN INFORMATION SOLUTIONS, INC.
601 Experian Way
Allen, TX 75013

                        Defendants.

## COMPLAINT

### I.    INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(8).

2.      The FCRA requires data furnishers to provide accurate information to credit reporting agencies and to conduct a proper investigation of disputed information.  15 U.S.C. §1681s-2.

3.       The FCRA also requires credit reporting agencies to report accurate information and to conduct a proper reinvestigation of disputed information. 15 U.S.C. §1681e(b) and §1681i.

4.     The FDCPA prohibits debt collectors from communicating information it knew or should have known was false.  15 U.S.C. §1692e(8).

## II.   <u>JURISDICTION</u>

5.     Jurisdiction arises under 15 U.S.C. § 1681p, 1692k(d), and 28 U.S.C. §§ 1331, 1337.

## III.   <u>PARTIES</u>

6.     Plaintiff K. Terrell Hutchins ("Terrell") is a consumer who resides at the address captioned above.

7.     Defendant Mountain Run Solutions, LLC ("Mountain Run") is a foreign limited liability company with an office for the regular transaction of business at the captioned address.

8.     Mountain Run regularly engages in the collection of consumer debts using the mails and telephone.

9.     Mountain Run regularly attempts to collect consumer debts alleged to be due another.

10.     Mountain Run is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

11.     Mountain Run regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with consumer(s), 15 U.S.C. §1681s-2(b), and is a credit "furnisher" under the FCRA.

12.     Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with an office for the regular transaction of business at the captioned address.

13.     Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

14.     Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

15.     Experian disburses or provides such consumer reports to third parties under contract for monetary compensation.

## IV.     STATEMENT OF CLAIM

### *Inaccurate Reporting of a "Mixed" File*

16.     In or around May 2020, Plaintiff K. Terrell Hutchins ("Terrell") reviewed his Experian credit report and noticed that a debt from Mountain Run he did not recognize was on his report.

17.     Upon further investigation, Plaintiff learned that the alleged debt – account #10221XXXX with a reported balance of $4019 – appeared related to a home alarm system account belong to his father, though the balance was substantially inflated.

18.     Plaintiff K. Terrell Hutchins is 30 years old and has a different social security number and date of birth than his father Kelly T. Hutchins, who is 60.  At the time of the disputes, Terrell also had a different mailing address.

19.     Mountain Run had been inaccurately reporting a debt attributed to the father on the son's credit report.

20.     Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of his father with respect to the inaccurate account information and other personal identifying information.

21.     By letters dated May 15, 2020, July 6, 2020, and September 2, 2020, Terrell sent written dispute letters to Experian specifically requesting that the credit bureau notify Mountain

Run that its credit tradeline was being disputed and that an investigation must result in the tradeline being deleted from Terrell's credit report.

22.     Terrell's disputes specifically state "Mountain Run solutions is mistakenly attributing this debt to me. The debt belongs to my father."

23.     Upon information and belief each of Terrell's disputes was transmitted by Experian via Automated Consumer Dispute Verification (or ACDV) to Mountain Run.

24.     Despite Terrell's disputes, the negative information remains on his Experian consumer reports today.

25.     Mountain Run and Experian failed to conduct a reasonable investigation of any of Terrell's disputes.

***Governing Law***

26.     Plaintiff has written repeatedly to Experian to dispute its reporting of Mountain Run's false and inaccurate credit information, requesting a reinvestigation, and requesting that the inaccurate reporting be deleted.

27.      Under the FCRA, the Credit Bureaus are required to report accurate information and to conduct a reasonable investigation of disputed information. 15 U.S.C. §1681e(b) and §1681i.

28.      Experian failed to conduct a reasonable and adequate investigation into Plaintiff's disputed credit reporting and continued to report false and inaccurate information to any potential credit grantor who accessed Plaintiff's credit report.

29.      Experian knows it has systemic problems merging or mixing credit files, yet has failed to implement practices that would resolve these systemic problems.

30.    Indeed, Experian knows it has systemic problems resulting in mixing files of fathers and sons with similar names but different personal identifying information.  In those cases, Experian advises consumers to send a dispute: "If your credit file does become mixed, you need to follow a simple process to separate the files."  https://www.experian.com/blogs/ask-experian/separating-credit-reports-of-father-and-son/.  While Terrell commenced the dispute process, Experian failed to conduct any reasonable investigation on its end.

31.    Experian has willfully and/or negligently failed and refused to conduct a reasonable investigation and remove the inaccurate credit information pertaining to the Mountain Run account.

32.    Pursuant to 15 U.S.C. § 1681s-2(b), a furnisher of information, such as Mountain Run, has a duty upon notice of dispute to conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.  The investigation must be done reasonably and adequately.

33.    Mountain Run also violated the FDCPA.  At all times relevant hereto, Mountain Run knew or should have known that it was reporting false and derogatory information about Plaintiff in connection with the account.  15 U.S.C. §1692e(8).

34.    Mountain Run is still reporting false and inaccurate information about the Account on Plaintiff Terrell's credit report.

35.    At all times relevant hereto Mountain Run knew or should have known that it was reporting false and derogatory information about Plaintiff in connection with the Account.

36.    Mountain Run has willfully and/or negligently failed and refused to remove the inaccurate credit reporting information.

37.        Mountain Run has willfully and/or negligently failed and refused to conduct a reasonable investigation of Terrell's disputes.

***Defendants' Actions and Inactions Harmed Plaintiff***

38.        As a result of each Defendant's willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

39.        As a result of the false and derogatory information reported by each Defendant, Plaintiff has been damaged.

40.        Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least May 2020 through the present.

41.        Plaintiff has suffered mental anguish, emotional distress, worry, humiliation, and embarrassment as a result of Defendants' actions.

42.        Plaintiff has suffered pecuniary loss, been denied credit, and expended significant time and effort trying to address the inaccurate information on his credit reports.

43.        Plaintiff's attempts to have the Defendants honor his clear and proper disputes have gone unfulfilled, and his only remedy is to pursue formal legal action to enforce compliance in this Court.

## COUNT I - FAIR CREDIT REPORTING ACT
## (K. TERRELL HUTCHINS v. MOUNTAIN RUN SOLUTIONS, LLC)

44.        Plaintiff repeats the allegations contained above as if the same were here set forth at length.

45.        Mountain Run has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b),

including the failure to fully and properly investigate Plaintiff K. Terrell Hutchins' disputes and by failing to correctly report results of an accurate investigation to each of the Credit Bureaus.

46.     Defendants have violated the Fair Credit Reporting Act by willfully and/or negligently failing to conduct a reasonable investigation of the consumer's dispute and by reporting false credit information about Plaintiff after being put on proper notice of the inaccuracy.

WHEREFORE, Plaintiff, K. Terrell Hutchins demands judgment against Defendant Mountain Run Solutions, LLC for:

(a)     Actual and compensatory Damages;

(b)     Punitive damages;

(c)     Attorney's fees and costs;

(d)     A declaration that the reporting is false and inaccurate, and

(e)     Such other and further relief as the Court shall deem just and proper.

## COUNT II - FAIR CREDIT REPORTING ACT
### (K. TERRELL HUTCHINS v. EXPERIAN INFORMATION SOLUTIONS, INC.)

47.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

48.     Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

(a)     by failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

(b)     by failing to conduct a reasonable investigation or reinvestigation of Plaintiff's disputes;

(c)     By willfully and/or negligently failing to comport with FCRA sections 1681i and 1681e(b).

**WHEREFORE**, Plaintiff, K. Terrell Hutchins demands judgment against Defendant Experian Information Solutions, Inc. for:

(a)     Actual and compensatory Damages;

(b)     Punitive damages;

(c)     Attorney's fees and costs;

(d)     A declaration that the reporting is false and inaccurate, and

(e)     Such other and further relief as the Court shall deem just and proper.

## COUNT III - FAIR DEBT COLLECTION PRACTICES ACT
### (K. TERRELL HUTCHINS v. MOUNTAIN RUN SOLUTIONS, LLC)

49.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

50.     Mountain Run has violated the Fair Debt Collection Practices Act by communicating or threatening to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. §1692e(8).

**WHEREFORE**, Plaintiff, K. Terrell Hutchins demands judgment against Defendant Mountain Run Solutions, LLC for:

(a)     Actual and statutory damages;

(b)     Attorney's fees and costs; and

(c)     Such other and further relief as the Court shall deem just and proper.

V.    **DEMAND FOR JURY TRIAL**

Plaintiff demand trial by jury as to all issues so triable.

Respectfully submitted:

Date:  <u>November 20, 2020</u>                    <u>*/s/Andrew M. Milz*</u>
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N Narberth Ave, Ste 101
Narberth, PA 19072
610-266-7863

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 7324 Boreal Place, Philadelphia, PA 19153 _____

Address of Defendant: _____ 313 E. 1200 S., Suite 102, Orem, UT 84052 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
*Must sign here*
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ FCRA _____

**B. Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/20/2020   _____   217715
*Sign here if applicable*
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)