IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

K. TERRELL HUTCHINS          :          CIVIL ACTION
                             :
           v.                :
                             :
MOUNTAIN RUN SOLUTIONS, LLC  :          NO. 20-5853

MEMORANDUM

Bartle, J.                                    May 30, 2023

          The court has before it the motion of the defendant
Mountain Run Solutions, LLC ("Mountain Run") to set aside,
pursuant to Rules 55(c) and 60(b)(4) and (6) of the Federal
Rules of Civil Procedure, the default, the default judgment, and
the award of attorneys' fees and costs entered against it and in
favor of Plaintiff K. Terrell Hutchins.  Mountain Run maintains
that service of process was defective.

                              I

          On November 20, 2020, plaintiff sued Mountain Run, a
debt collector, for compensatory and punitive damages and
declaratory relief under the Fair Credit Reporting Act ("FCRA"),
15 U.S.C. §§ 1681, et seq., and the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.  Plaintiff
alleged that Mountain Run failed to comply with the FCRA by not
properly investigating a disputed debt incorrectly attributed to
plaintiff in violation of Mountain Run's duties under 15 U.S.C.

§ 1681s-2(b) and that Mountain Run violated the FDCPA by communicating false credit information as prohibited by 15 U.S.C. § 1692e(8).

Mountain Run did not enter an appearance or answer the complaint.  The Clerk entered a default on January 27, 2021. After an evidentiary hearing on damages at which plaintiff and one supporting witness testified but Mountain Run did not appear, the court entered a default judgment in favor of plaintiff and against Mountain Run on November 17, 2021 in the amount of $180,000 in compensatory damages and $180,000 in punitive damages for a total of $360,000.  See Doc. # 21.  The court, on January 3, 2022, granted plaintiff's motion for attorneys' fees and costs in the sum of $26,697.33.

Mountain Run filed the pending motion for relief on January 31, 2023.  The court thereafter granted the parties time for relevant discovery and further briefing.

II

The record establishes that the Summons issued by this court stated the address for Mountain Run as 313 E. 1200 Street, Suite 102, Orem, Utah 84058.  This was the address on its website as late as April 20, 2021.  Its president had also signed a Consent Order with the State of Connecticut in December 2020 that listed Suite 102 as Mountain Run's address.

Plaintiff engaged Roy Smith as a process server in Utah.  When Smith arrived at Suite 102, he found another business occupying that space.  He discovered however that Mountain Run was now at Suite 200 in the same building.  In October 2020, it turns out that Mountain Run had filed papers with the State of Utah in which it changed its registered address from Suite 102 to Suite 200.

Smith proceeded to serve the Summons and Complaint on a Ben Davis, a Mountain Run employee, at Suite 200 on December 1, 2020.  In the proof of service, Smith swore that Ben Davis was "designated by law to accept service of process on behalf of . . . Mountain Run Solutions, LLC."  From discovery from Mountain Run, plaintiff learned that Davis was not his real last name.  As Mountain Run is a debt collector, he used a pseudonym with his employer's knowledge to avoid harassment on social media.

After December 1, 2020, plaintiff sent all correspondence by first-class mail to Mountain Run at Suite 200. This included a "Ten-Day Letter" dated January 8, 2021 enclosing the Summons and Complaint, alerting Mountain Run that its answer was overdue, and stating that plaintiff would take a default if no answer was filed.  On January 27, 2021 plaintiff mailed Mountain Run a copy of the Motion for Entry of Default.

On February 9, 2021, Roy Smith on behalf of plaintiff personally served the subpoena at Suite 200 for the deposition of Mountain Run.  Service of the subpoena was accepted by an Emily Mendoza.[1]  On October 29, 2021, plaintiff mailed a copy of the Motion for Entry of Default Judgment.  On November 1, 2021, the court issued an Order scheduling the damages hearing for November 9, 2021.  The court's docket memorializes that a copy of the court's Order was mailed to "UNREP PARTY" Mountain Run, on November 1, 2021.  See Docket Entry # 17.  At that time, the address of Mountain Run listed on the Complaint was Suite 102.

After the court entered the default judgment and granted the award of attorneys' fees and costs, the plaintiff proceeded to attempt to execute on the judgment and award.  On March 17, 2022, plaintiff had Roy Smith personally serve Mountain Run at Suite 200 with a copy of plaintiff's Interrogatories and Document Requests in Aid of Execution. Emily Mendoza again accepted service and confirmed she could take legal documents.  Plaintiff thereafter mailed a letter dated April 21, 2022 to Mountain Run advising it that answers to Interrogatories and Document Requests in Aid of Execution were overdue.  On May 9, 2022, Mountain Run served plaintiff with its responses, which were sworn to by Chris Carter, a co-owner of

---

1.   Emily was a pseudonym she used to avoid harassment on social media.

Mountain Run.  The responses included 13 months of bank statements from Rock Canyon Bank, all of which contained the 200 Suite address for Mountain Run.  At no time was any of plaintiff's correspondence to Mountain Run ever returned as undelivered.

Finally, on May 26, 2022, Andrew Milz, counsel for plaintiff, had a telephone conversation with and sent an e-mail to Justin Heideman, counsel for Mountain Run, concerning Mountain Run's request for a protective order.  While Mr. Milz sent a follow-up e-mail to Mr. Heideman on June 2, 2022, Mr. Milz never heard back until Mountain Run's pending motion was filed on January 31, 2023.

III

Rule 55(c) provides that the court may set aside an entry of default for good cause and may set aside a final default judgment for the reasons enumerated in Rule 60(b).  Rule 60(b)(4) and (6), on which Mountain Run relies, reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> . . .
>
> (4)  the judgment is void
>
> . . .
>
> (6)  any other reason that justifies relief

Rule 60(c) adds that for reasons (4) and (6), the motion must be made "within a reasonable time."

Mountain Run argues that judgment was void under Rule 60(4) because service was improper under Rule 4(h) of the Federal Rules of Civil Procedure.  If service of the Summons and Complaint was not proper, the court lacks personal jurisdiction over the defendant, and any default judgment is void and must be set aside.  Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

Under Rule 4(h), unless federal law provides otherwise or a waiver has been filed, a corporation or similar entity may be served: (1) in accordance with the law of the state where the federal court is located or where the service is made; or (2) on an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Federal law does not prescribe a special mode of service in this action different than what is set forth in Rule 4.  Thus, the court, sitting in Pennsylvania, looks first to the Commonwealth's rules for service of process.  Rule 424 of the Pennsylvania Rules of Civil Procedure allows for service on a corporation or similar entity by handing a copy to:

> (1) an executive officer, partner or trustee of the corporation or similar entity, or (2)

the manager, clerk or other person for the
time being in charge of any regular place of
business or activity of the corporation or
similar entity, or (3) an agent authorized
by the corporation or similar entity in
writing to receive service of process for
it.

Rule 424(1) and (3) are not applicable.  The question
here is whether Davis under Rule 424(2) was "the manager, clerk
or other person for the time being in charge of any regular
place of business or activity" of Mountain Run when he was
served with the Summons and Complaint at Suite 200 on December
1, 2020.

The burden of proof on a motion to dismiss under Rule
12(b)(5) of the Federal Rules of Civil Procedure asserting
insufficient service of process rests on the plaintiff to
establish that service was proper.  Grand Ent. Grp., Ltd. v.
Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).  In
contrast, with respect to a motion under Rule 60(b)(4)
challenging service of process, the burden rests on the
defendant when the defendant had actual notice of the original
proceeding and delayed in bringing its motion.  Burda Media,
Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005); Marks Law
Offices, LLC v. Mireskandari, 704 F. App'x 171, 176 n.6 (3d Cir.
2017).  Here there is a sworn declaration by the process server
that service was made on Ben Davis at Suite 200 on December 1,
2020.  On January 8, 2021, plaintiff notified Mountain Run by

first-class mail that its Answer was overdue.  The court finds
that Mountain Run had early actual notice of the lawsuit.  Even
if personal service of papers and the mailings in 2020 and 2021
are all disregarded, Mountain Run clearly knew about this action
as of March 17, 2022 when it was served with plaintiff's
Interrogatories and Document Requests in Aid of Execution and
proceeded to provide sworn responses including bank statements
on May 9, 2022.  It unreasonably delayed until January 31, 2023,
over nine months after receiving the Interrogatories and
Document Requests, before filing its motion to set aside the
default judgment.  Under the circumstances, Mountain Run has the
burden of proof that the original service of the Complaint and
Summons on December 1, 2020 was defective.

The Pennsylvania Supreme Court in Cintas Corp. v.
Lee's Cleaning Services, Inc., 700 A.2d 915 (Pa. 1997), has
interpreted the meaning of "person for the time being in charge
of any regular place of business" under Rule 424(2) of the
Pennsylvania Rules of Civil Procedure.  In that case, the
process server in the return of service stated he served on
defendant at its business a copy of the complaint "by hand
delivering same to Virginia Watson, the person in charge."  Id.
at 917.  In the challenge to proper service, the vice president
of the defendant filed an affidavit that Watson was not the
person in charge of the business.  A subsequent affidavit by the

process server stated that Watson had identified herself as the person in charge of the business.  In upholding service of process and after review of a number of cases, the Supreme Court stated:

> The common thread among these cases is that there must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it.

Id. at 920.

Mountain Run, as noted above, has the burden of proof to establish defective service under Rule 60(b)(4).  However, it has not submitted any evidence that Ben Davis did not receive the Complaint and Summons at Suite 200 on December 1, 2020.  Nor has it come forward with evidence that he was not the person in charge for the time being at Suite 200 when service was made. From the evidence in the record, Davis was employed by Mountain Run.  As set forth in the sworn statement of Smith, the process server, Davis was served with the Summons and Complaint at Suite 200 on December 1, 2020.  Significantly, Davis had a sufficiently responsible position and close association with Mountain Run, a debt collector, to use a pseudonym on the job to avoid harassment on social media.  The court can reasonably infer that he was in charge of the office when he was served. In any event, Mountain Run has not shown that Davis had an

insufficient connection with Mountain Run so that service was not reasonably calculated to give it notice of this action.

Finally, plaintiff has called to the court's attention the fact that defaults have been taken against Mountain Run in no fewer than 17 actions including this pending lawsuit brought against it in the federal courts throughout the country.  See, e.g., Carroll v. Mountain Run Sols., LLC, No. 21-CV-3034-MLB (N.D. Ga.); Quinn v. Mountain Run Sols., LLC, No. 21-CV-1847-JMA (E.D.N.Y.); Ali v. Mountain Run Sols., LLC, No. 21-CV-453-SDJ-KPJ (E.D. Tx.); Risper v. Mountain Run Sols., LLC, No. 20-CV-209-TCB (N.D. Ga.); Moore v. Mountain Run Sols., LLC, No. 22-CV-00586-APG (D. Nev.); Carter v. Mountain Run Sols., LLC, No. 21-CV-00088-MHH (N.D. Ala.); Sorlie v. Mountain Run Sols., LLC, No. 21-CV-191-YY (D. Or.); Holmes v. Mountain Run Sols., LLC, No. 20-CV-0082-RCC (D. Ariz.); Jones v. Mountain Run Sols., LLC, No. 20-CV-0879-WKW (M.D. Ala.); Stephenson v. Mountain Run Sols., LLC, No. 21-CV-2256-CEH-AEP (M.D. Fla.); Fudge v. Mountain Run Sols., LLC, No. 21-CV-2671 (E.D. Pa.); Britton v. Mountain Run Sols., LLC, No. 21-CV-00304 (S.D. Ohio); Williams v. Mountain Run Sols., LLC, No. 21-CV-05630-JDW (E.D. Pa.); Garcia v. Mountain Run Sols., LLC, No. 20-CV-4255 (E.D. Pa.); Paul v. Mountain Run Sols., LLC, No. 20-CV-00794-SDJ-CAN (E.D. Tx.); Spencer v. Mountain Run Sols., LLC, No. 21-CV-00393 (E.D. Tx.). Mountain Run has remained silent about this unusual situation.

It defies belief that it did not have proper notice in all of these actions.  The Court can reasonably infer that Mountain Run has deliberately allowed defaults to be taken.  The Court can also reasonably infer that Mountain Run was properly served in this action and made a calculated decision to allow a default judgment to be entered.  Only after it faced a sizeable judgment did it belatedly experience buyer's remorse.

Since Mountain Run has not met its burden of proof, its motion to set aside the default, the default judgment, and the award of attorneys' fees and costs will be denied.